# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Khalil Shaheed,<br><br><br>Debtor. | : Chapter 13<br>:<br>: Case No. 19-11425 (MDC)<br>:<br>: **D.I. 21**<br>:<br>:<br>: |

## STIPULATION RESOLVING MOTION OF POLICE AND FIRE FEDERAL CREDIT UNION FOR ADEQUATE PROTECTION

WHEREAS, on March 7, 2019 (the "Petition Date"), Khalil Shaheed (the "Debtor") filed an individual voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

WHEREAS, prior to the Petition Date, the Debtor was an owner of a 2014 Nissan Maxima, VIN# 1N4AA5AP6EC486707 (the "Vehicle"), with respect to which the Debtor is indebted to PFFCU pursuant to a loan agreement dated October 5, 2017 (the "Loan Agreement");

WHEREAS, on or about June 11, 2019, PFFCU filed a motion for adequate protection (the "MAP") as a result of the defaults set forth above;

WHEREAS, to avoid the costs of amending the motion and further litigation, the Parties have agreed to amicably resolve the MAP on the terms set forth herein.

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1. In resolution of the MAP, the Debtor and PFFCU agree that PFFCU shall receive a pre-confirmation distribution in the amount of $153.75 per month, representing 1% of the retail

121147079_1

value of the Vehicle, retroactive to the Petition Date, and continuing until the Debtor's Chapter 13 Plan, as may be amended, is confirmed.

2. Following confirmation of the Plan, distributions shall be made to PFFCU as provided in the confirmed Plan.

3. Each of the signatories to this Stipulation acknowledges and represents that his or her respective client has reviewed this Stipulation and has authorized the execution of same by undersigned counsel.

4. If the instant bankruptcy case is terminated by either dismissal, conversion or discharge other than pursuant to 11 U.S.C. § 1328(a), this Stipulation shall be null and void and not binding upon the Parties and the Parties shall be returned to their respective positions prior to the execution of this Stipulation.

5. This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed originals.

CONSENTED TO BY: DILWORTH PAXSON LLP

DATED: October 4, 2019    /s/ Yonit A. Caplow
                          Yonit A. Caplow, Esquire
                          Attorney for PFFCU

**No Objection:**

_____ 10/16/19
TRUSTEE

*without prejudice to any trustee rights or remedies

CONSENTED TO BY: _____ Erik B. Jensen, Esquire

DATED: October 4, 2019    /s/

2

121147079_1

                                                Erik B. Jensen, Esquire
                                                *Attorney for Debtor*

CONSENTED TO BY:        William C. Miller, Chapter 13 Trustee

DATED: <u>October 4, 2019</u>        <u>/s/</u>

3

121147079_1